IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| HYPER ICE, INC. and HYPERICE IP SUBCO, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>BOB AND BRAD, LLC,<br><br>　　　　　　Defendant. | Civil Action No. _____<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Hyper Ice, Inc. and Hyperice IP Subco, LLC ("Plaintiffs" or, collectively, "Hyperice") bring this action for patent infringement against Bob and Brad, LLC ("Defendant").

**THE PARTIES**

1. Plaintiff Hyper Ice, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 525 Technology Drive, Suite 100, Irvine, CA 92618.

2. Plaintiff Hyperice IP Subco, LLC is a limited liability company organized under the laws of the State of Minnesota.

3. On information and belief, Defendant Bob and Brad, LLC is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business at 66 Shady Oak Ct., Winona, MN 55987.

**NATURE OF THE ACTION**

4. This is an action for patent infringement under 35 U.S.C. §§ 271 *et seq.* brought by Hyperice against Defendant for Defendant's infringement of U.S. Patent No. 11,857,482 ("the '482 Patent").

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Hyperice's claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

6. This Court has personal jurisdiction over Defendant by virtue of, *inter alia*, its conduct of business in this District, its purposeful availment of the rights and benefits of Minnesota law, and its substantial, continuous, and systematic contacts with the State of Minnesota and this District. On information and belief, Defendant: (1) maintains its principal place of business in this State; (2) intentionally markets and sells its infringing products to residents of this State; (3) enjoys substantial income from this State; and (4) is incorporated in this State.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this judicial district and is incorporated in the State of Minnesota.

**GENERAL ALLEGATIONS**

8. The '482 Patent is entitled "Battery-Powered Percussive Massage Device" and issued on January 2, 2024, claiming priority to Application No. 14/317,573 filed on June 27, 2014, and Provisional Application No. 61/841,693 filed on July 1, 2013. A true and correct copy of the '482 Patent is attached hereto as Exhibit 1.

9. Philip C. Danby and John Charles Danby are the named inventors of the inventions disclosed in the '482 Patent. Hyperice IP Subco, LLC, a wholly owned subsidiary of Hyper Ice, Inc., is the owner of the '482 Patent. Hyper Ice, Inc. is a licensee that has been granted the express, irrevocable right to, *inter alia*, sublicense, enforce, and defend the '482 Patent.

10. This action arises out of Defendant's direct infringement of the '482 Patent.

11.     Since at least 2018, Hyperice has developed, arranged for the manufacture of, and sold the Hypervolt line of battery-powered percussive massage devices, including the Hypervolt Go 2, Hypervolt 2, and Hypervolt 2 Pro, all of which are covered by one or more claims of the '482 Patent.

12.     Defendant manufactures, offers for sale, and/or sells products that infringe the '482 Patent, including but not limited to the D6 Pro Massage Gun, the X6 Pro Massage Gun, the C2 Massage Gun, the T2 Massage Gun, the Q2 Mini Massage Gun, the Air 2 Mini Massage Gun, and the UNI Massage Gun.

## COUNT 1 – PATENT INFRINGEMENT

13.     Hyperice incorporates by reference the allegations in Paragraphs 1-12 above.

14.     Defendant has infringed and continues to infringe the '482 Patent under the Patent Laws of the United States, 35 U.S.C §§ 271 *et seq*. Defendant manufactures, offers for sale, and/or sells the infringing products at issue in this case.

15.     Defendant infringes at least Claim 1 of the '482 Patent. Defendant's infringing products are battery-powered percussive massagers that include the following claim limitations, either literally or under the doctrine of equivalents:

   a. a housing;

   b. a piston having a proximal end and a distal end, the distal end of the piston having a substantially cylindrical bore;

   c. a motor at least partially within the housing and operatively connected to the proximal end of the piston, wherein the motor is configured to cause the piston to reciprocate at a first speed;

   d. a drive mechanism that controls a predetermined stroke length of the piston; and

  e. a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to secure the first massaging head to the percussive massager by a proximal end of the massaging head being slid into the bore while the piston reciprocates the predetermined stroke length at the first speed.

16. Defendant's infringement of the '482 Patent has caused, and will continue to cause, significant damage to Hyperice. As a result, Hyperice is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. §284. Hyperice is also entitled to recover prejudgment interest, post-judgment interest, and costs.

17. As a result of Defendant's infringement of the '482 Patent, Hyperice has suffered irreparable harm and impairment of the value of its patent rights, and will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Defendant is permanently enjoined by this Court from infringing the '482 Patent under 35 U.S.C. §283. Hyperice has no adequate remedy at law and is entitled to a permanent injunction against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Hyperice prays for the following relief:

1. That this Court enter judgment of infringement of the '482 Patent in favor of Hyperice and against Defendant;

2. That this Court enter a permanent injunction against Defendant from infringing the '482 Patent;

3. That this Court award Hyperice compensatory damages for infringement of the '482 Patent, as well as interest thereon;

4. That this Court award Hyperice its costs of suit;

5. That this Court declare this an exceptional case under 35 U.S.C. §285 and award Hyperice its attorneys' fees and any other costs incurred in connection with this action;

6. That this Court award Hyperice prejudgment and post-judgment interest; and

7. That this Court grant such further relief as the Court deems just and proper.

## JURY DEMAND

Hyperice requests a jury trial on any issues triable of right by a jury.

Dated: January 3, 2024

OF COUNSEL:

Lawrence R. LaPorte
(pro hac vice application pending)
Lewis Brisbois Bisgaard Smith LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
213.250.1800
lawrence.laporte@lewisbrisbois.com

Ben Herbert
(pro hac vice application pending)
2121 Avenue of the Stars, 26th Floor
Los Angeles, CA 90067
310.552.4400
bherbert@millerbarondess.com

LEWIS BRISBOIS BISGAARD
 & SMITH, LLP

Respectfully submitted,

/s/ Richard G. Morgan
Richard G. Morgan
Wells Fargo Center
90 S 7th Street, Suite 2800
Minneapolis, MN 55402
612.428.5003
Richard.Morgan@LewisBrisbois.com

*Attorneys for Plaintiffs Hyper Ice, Inc. and Hyperice IP Subco, LLC*